IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMY DURAN AND GEOFF DURAN, § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:23-cv-76 |
| § | |
| AMERICAN FAMILY CONNECT § | |
| PROPERTY AND CASUALTY § | **JURY DEMANDED** |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Amy Duran and Geoff Duran, Plaintiffs herein, file Plaintiffs' Original Complaint against American Family Insurance Company, and, in support of their causes of action, Amy Duran and Geoff Duran would respectfully show the Court the following:

## I.
## THE PARTIES

1. Plaintiffs, Amy Duran and Geoff Duran, are individuals residing at 3727 South Magnolia Court, 75028, Denton County, Texas, which is their true, fixed and permanent home.

2. Defendant American Family Connect Property and Casualty Insurance Company (hereinafter referred to as "American Family"), was, and is at the date of this filing, a Wisconsin insurer with its principal place of business located at 3500 Packerland Dr., De Pere, Wisconsin 54115. American Family, therefore, is not a citizen of the state of Texas for diversity purposes. American Family may be served via certified mail return receipt requested via its registered agent for service in the state of Texas, Corporation Service Company d/b/a CSC Lawyers Incorporated 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this cause of action under 28 U.S.C. § 1332. Plaintiffs' true, fixed and permanent home is in Denton County, Texas. Therefore, Plaintiffs are citizens of Texas. Defendant is incorporated in Wisconsin, and has its principal place of business in Wisconsin, and is thus a citizen of Wisconsin. Therefore, as Plaintiffs are citizens of Texas, and Defendant is a citizen of Wisconsin, complete diversity exists. Plaintiffs seek damages in excess of $75,000. Specifically, Plaintiffs seek proceeds from their insurance policy in the plus attorneys' fees. Further, Plaintiffs allege Defendant knowingly committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Texas, Sherman Division. The property at issue in this cause is in the Eastern District of Texas, Sherman Division.

## III.
## FACTUAL BACKGROUND

5. Amy Duran and Geoff Duran (collectively, "Duran" or "Plaintiffs") are the named insureds under a property insurance policy issued by American Family identified as Policy H102806095 ("Policy"). The Policy provided coverage for hail and wind damage to Duran's property located 3727 South Magnolia Court, Flower Mound, TX 75028 ("Property") for the term of the Policy during the time of the date of loss of April 28, 2021.

6. The Property sustained a massive hail and wind event on April 28, 2021, or at all times during the Policy period, causing extensive damage to the roofing system and exterior and interior of the Property. A modest review of applicable weather data demonstrates the Property

2

sustained hail damage from hail measuring at or more than 3.50" in diameter and associated windspeeds of 38 mph. The photographs document the obvious widespread damage to the Property from the covered peril of hail and wind from the storm:





7. Duran timely reported this storm and the damage it caused to the Property to American Family. American Family acknowledged receipt of the claim and commenced its investigation.

8. American Family assigned claims representative Emma Hazlewood ("Hazlewood") to adjust the claim. Hazlewood first inspected the Property on May 20, 2021. Once at the Property, Hazlewood conducted a substandard inspection, during which she spent an inadequate amount of time inspecting the physical Property, failed to conduct any testing of hail damage and its impact on the structure, and failed to thoroughly scope all the damages to the Property. Hazlewood simply determined, without any reasonable basis, that the Property had been only minimally damaged by wind and hail. In doing so, Hazlewood willfully disregarded the hail damage that was apparent to the naked eye. The inadequacy of the inspection and investigation is further evidenced by Hazlewood's failure to give an adequate explanation as to why she believed there was minimal hail and wind damage and why the damages she did observe did not warrant roof replacement despite a significant hail event during the Policy and corresponding damage or why she omitted the damages from any report caused by obvious hail and wind damage during the Policy period with American. Hazlewood failed to properly scope Duran's damages and underestimated and undervalued the cost of repairs to the damaged items, thereby failing to allow adequate funds to cover the cost of repairs to the damages sustained.

9. As a direct result of the April 28, 2021 storm, the roofing system at the Property warranted complete replacement. Accordingly, on or around December 15, 2021, Duran retained J & M Roofing and Construction ("J & M") to prepare an estimate to replace the roof. J & M submitted an estimate, dated December 15, 2021, wherein it determined it would cost $40,671.66 to replace the roof.

10. On February 7, 2022, J & M completed an additional estimate in the amount of $20,721.28, for the cost to repair and/or replace the remaining portions of the exterior of the Property, including the electrical, siding, soffit, fascia, gutters, and the windows, that were damaged by the April 28, 2021 storm.

11. Although American Family's adjuster, Hazlewood, had inspected the Property in May of 2021, **she did not complete her estimate until February 16, 2022, well past the allotted statutory time frames**. Not surprisingly, based on her inadequate inspection of the Property nearly nine months earlier, Hazlewood determined the damages amount to only $18,343.07 RCV (after application of the deductible).

12. Duran, faced with the reality they might be forced to pay for a significant portion of the repairs out-of-pocket, turned to Abba Claims Consultants, LLC ("Abba"), a licensed public adjusting firm, to begin working with American to reach a satisfactory resolution of the claim. On or around May 18, 2022, Abba representative David Calliham ("Calliham") inspected the Property. During this inspection, Calliham documented and photographed extensive functional hail damage to the exterior and interior of the Property. Calliham determined the damage to the Property warranted replacement cost coverage of $72,276.37 under the terms of the Policy. See attached estimate and photographs. On or around June 4, 2022, Duran submitted a Proof of Loss package, showing their total damages from the April 28, 2021 storm were $69,531.97 (after application of the deductible).

13. Nearly two months later, on July 27, 2022, Hazlewood revised her estimate to account for additional damages missed during her inspection. Hazlewood now represented Duran's damages from the April 28, 2021 storm amounted to $47,523.35 RCV. While this was certainly

an improvement from her original estimate, it still fell sorely short of fully compensating Duran for their covered damages.

14. On August 24, 2022, Hazlewood revised her estimate a third time to account for yet additional damages she had missed in her prior two estimates. This time, Hazlewood claimed the damages were $49,100.18—an amount that would prevent Duran from fully restoring the Property to its pre-storm condition.

15. This is the exact scenario insureds hope to avoid when faced with devastating storm damage after dutifully paying premiums. Hazlewood, the adjuster assigned to Duran's claim, was improperly trained and failed to perform a thorough investigation of this claim. Although American and Hazlewood were aware of Duran's clear and present hail and wind damage and the reported damage was covered by the Policy, they decided the claim should be improperly denied without conducting a thorough and reasonable inspection of the damages. Their inadequate investigation of the claim was relied upon by American Family in this action and resulted in Duran's claim being improperly undervalued, under scoped, and under paid. After requesting American reconsider its improper investigation and denial and consider photographs of hail damage and a line-by-line estimate from a licensed public adjuster, American Family simply kept its valuation of damages minimal, conveniently determining the majority of the obvious damage to the Property was not caused by wind or hail. Again, this meant Duran would receive inadequate payment to perform the necessary repairs to the Property.

16. The inadequacy of the American Family inspection and investigation is further evidenced by its failure to give Duran an adequate explanation as to why American Family believed there was only minimal hail and wind damage to the shingles and siding. American

Family never explained what it believed caused the obvious damage to the roof surface and siding materials, as documented and photographed by Abba.

17. American Family, along with its personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Hazlewood, ultimately approving an improper adjustment of and an inadequate and improper denial of Duran's claim. American misrepresented to Duran the majority of the damages were not covered, when the losses in fact were clearly covered causes of loss during the Policy's period. Specifically, American represented to Duran only a fraction of the damage in excess of the Policy's deductible was caused by a covered cause of loss within the Policy period without any investigation when, in fact, American knew, or with a reasonable investigation should have known, that the cost of repairs to all the damages in excess of the Policy's deductible was a clear covered loss.

18. Together, American Family and Hazlewood set out to deny properly covered damages. Because of this unreasonable investigation and failure to provide adequate coverage for the damages sustained, Duran's claim was improperly adjusted, and Duran was denied payment to fully repair the Property. To this date, Duran has yet to receive adequate payment under the insurance Policy.

## IV.
## CAUSES OF ACTION

19. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.** **Breach of Contract**

20. American Family had a contract of insurance with Plaintiffs. American Family breached the terms of that contract by wrongfully denying the claim, and Plaintiffs were damaged thereby.

**B.     Prompt Payment of Claims Statute**

21.     The failure of American Family to pay for the loss and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

22.     Plaintiffs, therefore, in addition to Plaintiffs' claim for damages, are entitled to statutory interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/Deceptive Trade Practices Act ("DTPA")**

23.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

24.     Defendant violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the Policy. As referenced above, American Family mispresented coverage for wind and hail damage to the Property during the Policy period was a covered cause of loss and misrepresented to Duran the coverage's terms.

25.     Defendant violated Section 541.060 by:

(1)     misrepresenting to Plaintiffs a material fact or Policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the insurer's denial of the claim or offer of compromise settlements of the claim;

8

    (4)    failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

    (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim. As referenced above, American Family failed to meet its statutory timelines governed by the Texas Insurance Code, failed to respond to multiple requests for information, failed to disclose information it relied on in its investigation, failed to conduct testing of the damage, and failed to allocate damage occurring during the Policy.

26. Defendant violated Section 541.061 by:

    (1)    making an untrue statement of material fact;

    (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and

    (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. As referenced herein, Defendant misrepresented wind and hail damage that occurred during the Policy was not a covered loss and failed to provide requested information used to render its claim decision, and claimed the damage was not caused by a covered cause of loss without conducting a reasonable investigation.

27. At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.

28. Defendant has violated the Texas DTPA in the following respects:

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) American Family failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

(3) American Family, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that American Family took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

29. Defendant knowingly committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.  Breach of the Duty of Good Faith and Fair Dealing**

30. Defendant American Family's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs.

31. Defendant American Family's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant American Family knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## V.
## KNOWLEDGE

32. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

**E.    Attorneys' Fees**

33. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

34. Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

35. Plaintiffs further pray that Plaintiffs be awarded all reasonable attorneys' fees incurred in prosecuting Plaintiffs' causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## CONDITIONS PRECEDENT

36. All conditions precedent to Plaintiffs' right to recover have been fully performed or have been waived by Defendant.

## VII.
## <u>PRAYER</u>

37. WHEREFORE, PREMISES CONSIDERED, Amy Duran and Geoff Duran pray that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Amy Duran and Geoff Duran be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Amy Duran and Geoff Duran may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Christopher P. Peirce*
Jeffrey T. Embry
Bar Number: 24002052
Margaret C. Pennell
Bar Number: 24046604
Hossley Embry, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Telephone No. 903-526-1772
Telecopier No. 903-526-1773
jeff@hossleyembry.com
meg@hossleyembry.com

AND

Christopher P. Peirce
Bar Number: 24041509
Hossley Embry, LLP
14241 Dallas Pkwy, Suite 240
Dallas, Texas 75254
Telephone No. 214-390-2349
cpeirce@hossleyembry.com

**ATTORNEYS FOR PLAINTIFFS**